Tyler Green, Utah Bar No. 10660
Patrick Strawbridge*
Matt Pociask*
Consovoy McCarthy, PLLC
222 S. Main Street, 5th Floor
Salt Lake City, UT 84101
(703) 243-9423
tyler@consovoymccarthy.com
patrick@consovoymccarthy.com
matt@consovoymccarthy.com

*Attorneys for Plaintiff Jonathan Dunn*          *admitted pro hac vice*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| JONATHAN DUNN,<br><br>*Plaintiff*,<br><br>v.<br><br>DELTA AIR LINES, INC.; ROBERT BANISH; KEVIN MILLER; and BRIAN CINK,<br><br>*Defendants*. | **PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**<br><br>Case No. 2:24-cv-967-HCN-DBP<br><br>Hon. Howard C. Nielson, Jr.<br>Hon. Dustin B. Pead |

In accordance with DUCivR 7-1(a)(9), Plaintiff Jonathan Dunn moves the Court for leave to file the attached surreply to Defendants' reply brief in support of their motion to dismiss.

## **BACKGROUND**

1.  On March 28, 2025, Defendants filed an overlength motion to dismiss Plaintiff's complaint. Dkt. 19 (MTD); *see also* Dkt. 18 (granting leave to file excess pages). Defendants' motion spans 36 pages, eleven pages beyond the 25-page limit specified in the local rules. DUCivR 7-1(a)(4)(A)(i). Defendants attached extensive exhibits to their motion—totaling an additional 156 pages—on which

1

they heavily rely to support their motion. *See generally* Dkt. 19; Dkt 46.[1]

2.  On May 12, 2025, Plaintiff filed an opposition to Defendants' motion to dismiss. Plaintiff's opposition is 23 pages (and 7,750 words) in compliance with local rules. Dkt. 35 (Opp.); *see* DUCivR 7-1(a)(4)(A)(i).

3.  On June 12, 2025, Defendants filed another motion for excess pages. Defendants sought 31 pages for their reply—three times the page limit allowed by the local rules and eight pages longer than Plaintiff's opposition. Dkt. 44; *see* DUCivR 7-1(a)(4)(A)(ii). The Court granted Defendants' motion for excess pages. Dkt. 45.

4.  On June 16, 2025, Defendants filed a 31-page reply. Dkt. 46 (Reply). The overlength reply raises new arguments and mischaracterizes case law, Plaintiff's opposition, and Defendants' own exhibits. *See infra.*

5.  On June 17, 2024, Plaintiff filed a motion for leave to file a surreply. Dkt. 47. While that motion was pending, the Court issued an order requiring parties "seeking leave to file a surreply [to] attach the proposed surreply to the motion for leave to file." Dkt. 49 §IV. Plaintiff's motion for leave did not include a proposed surreply brief. The Court denied Plaintiff's motion "without prejudice to the Plaintiff filing a motion for leave to file a surreply that complies with Section IV" of the Court's order. Dkt. 50.

## ARGUMENT

**I.  The Court should grant Plaintiff leave to file a surreply to address the material in Defendants' overlength reply.**

A party is entitled to a surreply "'if it has not had the opportunity to respond to new evidence

---

[1] Until Defendants filed their motion to dismiss, Plaintiff's counsel had no access to, and had not reviewed, the vast majority of the material in Defendants' exhibits due to a protective order in a related case. *See* Dkt. 32, *United States v. Dunn*, No. 2:23-cr-375-HCN-JCB-1 (D. Utah Feb. 9, 2024). Defendants claim to the contrary is false, *see* Reply at 17 n.12, and they never explain how they obtained these materials despite the protective order.

or new legal arguments presented … in a reply memorandum.'" *CE Providers v. Stearns Bank*, 2018 WL 3448335, at *2 (D. Utah July 17, 2018) (unpublished) (citing *Green v. New Mexico*, 420 F.3d 1189, 1195-96 (10th Cir. 2005)). Even when a reply does not raise new material, a surreply is warranted if additional briefing will "help the court fully consider the vital issues" underlying the motion, *Kansas v. United States*, 192 F. Supp. 3d 1184, 1189 (D. Kan. 2016), or allow the court to better understand "[the non-moving party's] arguments," *Sorenson v. Riffo*, 2008 WL 2966785, at *3 (D. Utah July 30, 2008) (unpublished). This Court "routinely grants sur-replies" in these circumstances. *Xat.com Ltd. v. Hosting Servs., Inc.*, 2017 WL 449652, at *3 (D. Utah Feb. 2, 2017) (unpublished).

Defendants raise several new arguments in their reply that Plaintiff should have the opportunity to address in a written brief. Among other things, they argue that Utah's UPEPA law is substantive, and thus applies in federal court, because it "contains a burden-of-proof shifting requirement." Reply at 7. They argue that exceptions to Petition Clause immunity are limited to a two-part "sham petitioning" test, which they say Plaintiff cannot satisfy. Reply at 16-17. And they argue that Plaintiff failed to allege that Banish made defamatory statements that official federal reports attribute to him. Reply at 17 n.12. Fairness requires that Plaintiff has an opportunity to address Defendants' new and flawed arguments.

In addition to raising new arguments, Defendants' reply mischaracterizes case law, Plaintiff's opposition, and the contents of Defendants' own exhibits. Defendants repeatedly claim that Plaintiff "does not dispute" Defendants' false and inflammatory characterization of Dunn's statements. *See, e.g.*, Reply at 1, 11, 12, 13 n.7. That is not true. *See* Opp. at 1 n.1 (Plaintiff "vigorously disputes Defendants' characterization of the words he used"). Defendants also say Plaintiff "misapplies" the ATSA immunity standard when he references the actual "'effect on the government's behavior'" from Banish's knowingly false statements. Reply at 12 (quoting Opp. 18). Far from misapplying the stand-

3

ard, however, Plaintiff follows a binding Supreme Court decision when making this point, which Defendants obfuscate by appending a "(cleaned up)" parenthetical and omitting the quotation marks and citation when relating Plaintiff's argument. *See* Reply at 12.

Defendants also mischaracterize case law. Defendants cite two Utah Court of Appeals decisions that they say recognize "excessive publication" as the "only" exception to Utah's judicial proceedings privilege. Reply at 19-20 (citing *Lavender v. FCOI Preserve, LLC*, 2025 UT App. 47, ¶ 83, and *Rain Focus Inc. v. Cvent Inc.*, 528 P.2d 1221 (Utah Ct. App. 2023)). But neither case says what Defendants claim. These examples of Defendants' mischaracterizations are non-exhaustive. *Compare, e.g.*, Reply at 23 ("Banish neither explicitly nor implicitly accused Dunn of a crime") *with* MTD Ex. D at 4 (official summary of Banish's statement that he "believed Dunn was attempting to take over the cockpit using his firearm").

Denying a surreply would prejudice Plaintiff. The rules contemplate the parties having roughly equal space to present their arguments—allowing 25 pages for a motion and the response, plus 10 pages for a reply. *See* DUCivR 7-1(a)(4)(A)(i), (ii). Yet Defendants have been allowed 67 pages to make their arguments (223 pages counting their exhibits), while Plaintiff has received only 25 pages. Indeed, Defendants' *reply brief alone* exceeds the length of Plaintiff's opposition, undermining the limited purpose of a reply as a response to an opposition. *Altamirano v. Chem. Safety & Hazard Investigation Bd.*, 41 F. Supp. 3d 982, 993-94 (D. Colo. 2014) (collecting cases). If not corrected, such lopsided briefing will prevent the issues from receiving equal treatment from both sides and give Defendants an unfair advantage.

Plaintiff has attached a 15-page proposed surreply brief to this motion. Granting Plaintiff leave to file that brief will aid the Court in resolving this matter and restore some balance to the parties' briefing, giving Plaintiff a total of 40 pages to match Defendants' 67 pages. Alternatively, if leave is denied, the Court should disregard and not consider Defendants' new arguments. A district court

"ha[s] two permissible courses of action" when a reply raises new arguments: either "permi[t] a surreply" or "refrai[n] from relying on any new material contained in the reply." *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998). Accordingly, if the Court denies leave to file a surreply, it should disregard Defendants' new arguments contained in sections I-A, II-B, and II-C of their reply.

## CONCLUSION

The Court should grant Plaintiff leave to file a surreply to prevent prejudice to Plaintiff and to aid the Court in resolving this matter. Alternatively, the Court should disregard sections I-A, II-B, and II-C of Defendants' reply.

Dated: July 2, 2025

Respectfully submitted,

/s/ *Matt Pociask*
Matt Pociask*
Tyler Green (Utah Bar No. 10660)
Patrick Strawbridge*
CONSOVOY MCCARTHY PLLC
222 S. Main Street, 5th Floor
Salt Lake City, UT 84101
(703) 243-9423
matt@consovoymccarthy.com
tyler@consovoymccarthy.com
patrick@consovoymccarthy.com

*admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document through the Court's CM/ECF system on July 2, 2025, which will automatically serve counsel for all parties.

/s/ Matt Pociask
Matt Pociask