Rick Thaler (7002)
David Dibble (10222)
Katherine Priest (14758)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: rthaler@rqn.com
      ddibble@rqn.com
      kpriest@rqn.com

*Attorneys for Defendants Delta Air Lines, Inc. and Robert Banish*

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JONATHAN DUNN,<br><br>      Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC. and ROBERT BANISH<br><br>      Defendants. | **ANSWER TO COMPLAINT**<br><br>Case No.: 2:24-cv-00967-HCN<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

Defendant Delta Air Lines, Inc. and Robert Banish file this Answer to Plaintiff Jonathan Dunn's ("Plaintiff") Complaint.

**INTRODUCTION**

1. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 1 regarding Plaintiff's aviation career and experience and therefore deny the same. Defendants deny the remaining allegations in paragraph 1.

2.      Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 2 regarding Plaintiff's pilot's license and current employment status and therefore deny the same. Defendants deny the remaining allegations in paragraph 2.

3.      Defendants deny the allegations in paragraph 3.

4.      Defendants deny the allegations in paragraph 4.

5.      Defendants deny the allegations in paragraph 5.

6.      Defendants deny the allegations in paragraph 6.

7.      Defendants deny the allegations in paragraph 7.

## PARTIES

8.      Defendants admit that Plaintiff worked as a commercial pilot for Delta from 2015 to 2022.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore deny the same.

9.      Defendants admit the allegations in paragraph 9.

10.     Defendants admit the allegations in paragraph 10.

11.     Defendants admit the allegations in paragraph 11.

12.     Defendants admit the allegations in paragraph 12.

13.     Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 13 and therefore deny the same.

14.     Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 14 and therefore deny the same.

15.     Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 15 and therefore deny the same.

## JURISDICTION AND VENUE

16.     The allegations in paragraph 16 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

17.     The allegations in paragraph 17 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

18.     The allegations in paragraph 18 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

19.     The allegations in paragraph 19 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

20.     The allegations in paragraph 20 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

## BACKGROUND AND FACTUAL ALLEGATIONS

21.     Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 21 regarding Plaintiff's aviation experience and military service and therefore deny the same. Defendants deny the remaining allegations in paragraph 21.

22.     Defendants admit that Plaintiff worked as a commercial pilot for Delta from 2015 to 2022, with his duty location in Salt Lake City, Utah.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore deny the same.

23.     Defendants admit that Plaintiff was legally authorized by Delta and the FAA to operate as the First Officer of the flight in question.  Defendants deny the remaining allegations in paragraph 23.

24.    Defendants admit that Plaintiff was a Federal Flight Deck Officer.  Defendants deny the remaining allegations in paragraph 24, to the extent they are inconsistent with, or mischaracterize, federal law.

25.    Defendants admit that Captain Robert Banish served as the pilot-in-command and Jonathan Dunn served as the first officer of a three-day rotation in August 2022.  Defendants deny the remaining allegations in paragraph 25.

26.    Defendants deny the allegations in paragraph 26.

27.    Defendants deny the allegations in paragraph 27.

28.    Defendants admit the allegations in paragraph 28.

29.    Defendants admit that initially, based on all available information at the time, Captain Banish determined that the flight should continue to Salt Lake City and not divert to Denver.  Defendants deny the remaining allegations in paragraph 29 and aver that Captain Banish continued to evaluate potential options should the circumstances become an emergency prior to landing.

30.    Defendants admit that Captain Banish mentioned that he was considering Grand Junction as an option to divert, if the passenger's condition were to deteriorate rapidly. Defendants deny the remaining allegations in paragraph 30.

31.    Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 31 and therefore deny the same.

32.    Defendants deny the allegations in paragraph 32.

33.    Defendants deny the allegations in paragraph 33.

34.    Defendants deny the allegations in paragraph 34.

35. Defendants admit that Plaintiff offered to arm wrestle Captain Banish for the right to decide where to land and that Plaintiff discussed using his service pistol to stop Captain Banish from diverting to Grand Junction. Defendants deny the remaining allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants admit that Captain Banish believed Plaintiff's conduct was inappropriate and he told Plaintiff that he could not joke about such things, to which Plaintiff had no response. Defendants deny the remaining allegations in paragraph 40.

41. Defendants admit the allegations in paragraph 41.

42. Defendants admit that Captain Banish left before Plaintiff, after the plane landed in Salt Lake City. Defendants deny the remaining allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants admit that to preserve a CVR, the airline must take several measures, including deactivating the CVR by pulling the CVR circuit breaker and taking the plane out of service. Defendants deny the remaining allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. The allegations in paragraph 46 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

47. Defendants deny the allegations in paragraph 47.

48.     Defendants admit that Captain Banish contacted Kevin Miller, who at the time was Salt Lake City Base Chief Pilot.  Defendants deny the remaining allegations in paragraph 48.

49.     Defendants admit that Captain Banish is a friend of Captain Miller.  Defendants deny the remaining allegations in paragraph 49.

50.     Defendants admit the allegations in paragraph 50.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52.

53.     Defendants admit that Captain Cink received an email notifying him of Plaintiff's comments.  Defendants deny the remaining allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants admit that on August 23, 2022, Captain Banish sent to Captain Miller a New York Times article reporting on a United States Supreme Court case involving Plaintiff. Defendants deny the remaining allegations in paragraph 55.

56.     Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 56 and therefore deny the same.

57.     Defendants admit that the Delta Pilot Working Agreement speaks for itself. Defendants deny all allegations contained in paragraph 57 that are inconsistent with, or mischaracterize, the Delta Pilot Working Agreement.

58.     Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 58 and therefore deny the same.

59.     Defendants deny the allegations in paragraph 59.

6

60.     Defendants deny the allegations in paragraph 60.

61.     Defendants admit that Captain Banish called the FBI on August 25, 2022, to report on his interaction with Plaintiff.  To the extent paragraph 61 refers to a conversation contained in a transcript, Defendants refer to that transcript.  Defendants deny all allegations contained in paragraph 61 that are inconsistent with, or mischaracterize, that transcript.

62.     Defendants deny the allegations in paragraph 62.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants admit the allegations in paragraph 64.

65.     Defendants admit the allegations in paragraph 65.

66.     Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 66 and therefore deny the same.

67.     Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 67 and therefore deny the same.

68.     Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 68 and therefore deny the same.

69.     Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 69 and therefore deny the same.

70.     Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 70 and therefore deny the same.

71.     Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 71 and therefore deny the same.

72. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 72 and therefore deny the same.

73. Defendants deny the allegations in paragraph 73.

74. Defendants deny the allegations in paragraph 74.

75. Defendants admit that throughout his interview, Plaintiff repeatedly referred to his statements as a joke and admitted that he had taken his statements too far. Defendants deny the remaining allegations in paragraph 75.

76. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 76 and therefore deny the same.

77. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 77 and therefore deny the same.

78. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 78 and therefore deny the same.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

81. Defendants deny the allegations in paragraph 81.

82. To the extent the allegations in paragraph 82 refer to Delta's obligations under federal law, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 82 and therefore deny the same.

83. Defendants admit that Plaintiff resigned his employment with Delta citing incompatibility with Delta's culture and that Plaintiff did not file any grievance. Defendants deny the remaining allegations in paragraph 83.

84. Defendants admit the allegations in paragraph 84.

85. Paragraph 85 refers to the contents of a document. Defendants refer to that document and deny all allegations contained in paragraph 85 that are inconsistent with, or mischaracterize, that document.

86. Paragraph 86 refers to the contents of a document. Defendants refer to that document and deny all allegations contained in paragraph 86 that are inconsistent with, or mischaracterize, that document.

87. Defendants deny the allegations in paragraph 87.

88. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 88 and therefore deny the same.

89. Defendants admit that Captain Banish was interviewed by law enforcement officials on December 15, 2022. To the extent paragraph 89 refers to a conversation contained in a transcript, Defendants refer to that transcript. Defendants deny all allegations contained in paragraph 89 that are inconsistent with, or mischaracterize, that transcript.

90. Defendants deny the allegations in paragraph 90.

91. Defendants admit the allegations in paragraph 91.

92. The allegations in paragraph 92 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

95. Defendants deny the allegations in paragraph 95.

96. Defendants admit that the government filed a detention memorandum on December 29, 2023. Paragraph 96 refers to the contents of a document. Defendants refer to that document and deny all allegations contained in paragraph 96 that are inconsistent with, or mischaracterize, that document.

97. Defendants deny the allegations in paragraph 97.

98. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 98 and therefore deny the same.

99. Paragraph 99 refers to the contents of text messages. Defendants refer to those text messages and deny all allegations contained in paragraph 99 that are inconsistent with, or mischaracterize, those messages.

100. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 100 and therefore deny the same.

101. Defendants admit that Captain Banish spoke with law enforcement officials on January 29, 2024, and that a Delta attorney joined the meeting remotely. Defendants deny the remaining allegations in paragraph 101.

102. Defendants deny that Captain Banish made any knowingly false statements. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 102 and therefore deny the same.

103. Defendants admit that Captain Cink was willing to comply with government subpoenas for his testimony and that he anticipated testifying honestly and accurately regarding

10

the suitability of diverting to Grand Junction.  Defendants deny the remaining allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants deny the allegations in paragraph 105.

106.    Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 106 and therefore deny the same.

107.    Defendants deny the allegations in paragraph 107.

108.    Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 108 and therefore deny the same.

109.    Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 109 and therefore deny the same.

110.    Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 110 and therefore deny the same.

111.    Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 111 and therefore deny the same.

112.    Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 112 and therefore deny the same.

113.    Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 113 and therefore deny the same.

114.    Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 114 and therefore deny the same.

115.    Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 115 and therefore deny the same.

116.    Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 116 and therefore deny the same.

117.    Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 117 and therefore deny the same.

118.    Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 118 and therefore deny the same.

119.    Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 119 and therefore deny the same.

120.    Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 120 and therefore deny the same.

121.    Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 121 and therefore deny the same.

122.    Defendants deny the allegations in paragraph 122.

123.    Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 123 and therefore deny the same.

## CLAIMS FOR RELIEF

### COUNT I
### Malicious Prosecution

124.    Defendants reassert and incorporate their answers to paragraphs 1 through 123.

125.    The allegations in paragraph 125 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

12

126.   Defendants deny the allegations in paragraph 126.

127.   The allegations in paragraph 127 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

128.   Defendants deny the allegations in paragraph 128.

129.   Defendants deny the allegations in paragraph 129.

130.   The allegations in paragraph 130 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

131.   Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 131 and therefore deny the same.

132.   The allegations in paragraph 132 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

133.   Defendants deny the allegations in paragraph 133.

134.   Defendants deny the allegations in paragraph 134.

135.   Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 135 and therefore deny the same.

136.   Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 136 and therefore deny the same.

137.   Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 137 and therefore deny the same.

138.   Defendants deny the allegations in paragraph 138.

## COUNT II
### Defamation

139.   Defendants reassert and incorporate their answers to paragraphs 1 through 138.

140.    The allegations in paragraph 140 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

141.    Defendants deny the allegations in paragraph 141.

142.    Defendants deny the allegations in paragraph 142.

143.    Defendants deny the allegations in paragraph 143.

144.    Defendants deny the allegations in paragraph 144.

145.    The allegations in paragraph 145 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

146.    Defendants deny the allegations in paragraph 146.

### COUNT III
### Breach of Duty of Fair Representation
### (ALPA, Harper, and Bradley)

147.    Defendants need not address paragraphs 147 through 167, as they contain allegations solely against parties that have been dismissed from this case.  To the extent a response is required, Defendants deny the same.

### PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the requested relief, or any relief whatsoever, including any of the relief requested in subparagraphs (A) through (F) of the Prayer for Relief.

### GENERAL DENIAL

Defendants deny all allegations in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants acted at all times in good faith and without malice.

### THIRD AFFIRMATIVE DEFENSE

Defendants are immune from liability under the Aviation and Transportation Security Act.  49 U.S.C. § 44941.

### FOURTH AFFIRMATIVE DEFENSE

Defendants did not publish any false statements about Plaintiff, and any alleged defamatory statements are inactionable opinion.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' alleged defamatory statements are incapable of sustaining a defamatory meaning.

### SIXTH AFFIRMATIVE DEFENSE

Defendants' alleged statements and conduct are protected by the judicial proceedings privilege.

### SEVENTH AFFIRMATIVE DEFENSE

Any acts or omissions by Defendants were not made with malice or reckless indifference to any rights of Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants did not initiate, procure, or continue criminal proceedings against an innocent plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Defendants have probable cause to believe that Plaintiff had committed a possible crime, and Defendants relied on federal law enforcement to determine whether to prosecute Plaintiff for any criminal activity.

## TENTH AFFIRMATIVE DEFENSE

Defendants reported Plaintiff's possible criminal conduct as required to by federal law and/or in the interests of justice.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred to the extent they are outside the applicable statutes of limitations.  Utah Code Ann. §§ 78B-2-302(4), 78B-2-307.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants are entitled to its costs and attorneys' fees and experts' fees pursuant to the Utah Uniform Public Expression Act.  Utah Code Ann. § 78B-25-110.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the purported wrongful acts or omissions by Defendants were lawful, privileged, and/or legitimate.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not been damaged in any manner that would permit the recovery of any damages under law.  Plaintiff's damages, if any, resulted in whole or in part from his actions, inaction, conduct, or performance.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.  Any award to Plaintiff must be offset by the greater of Plaintiff's actual earnings or the amount Plaintiff could have earned through reasonable diligence to mitigate his damages, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims against Defendants are barred by Defendants' Petition Clause Immunity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or damages are barred or limited by the doctrines of waiver, laches, estoppel, judicial estoppel, fraud, legal excuse, and unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants designate all denials of allegations set forth in their Answer as defenses, if necessary, for their full defense of this matter.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative defenses as may be discovered during the course of these proceedings.

WHEREFORE, Defendants ask that Plaintiff's entire action be dismissed with prejudice and that Plaintiff take nothing from his action, and Defendants should be awarded their costs and attorney fees as well as any further relief the Court deems just and proper.

DATED this 5th day of February, 2026.

RAY QUINNEY & NEBEKER P.C.

/s/ David B. Dibble
Frederick R. Thaler
David B. Dibble
Katherine E. Priest

*Attorneys for Defendants Delta Air Lines, Inc. and Robert Banish*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2026, I electronically filed the foregoing

**ANSWER TO COMPLAINT** using the CM/ECF system of the District Court for the District of

Utah which sent notification of such filing to:

>Tyler Green
>Matt Pociask
>Patrick Strawbridge
>**CONSOVOY MCCARTHY PLLC**
>tyler@consovoymccarthy.com
>matt@consovoymccarthy.com
>patrick@consovoymccarthy.com
>
>*Attorneys for Plaintiff*


>                            /s/ Doris Van den Akker

1733829

19